1
2
3
4
5
6
7
8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   IN RE EXTRADITION OF                    2:12-MJ-0226 GGH
     ADOLFO GILBERT PAREDES
12   VIGIL                                   ORDER
     _____

13

14          Potential extraditee, Adolfo Vigil ("Vigil") was convicted in Sweden of various

15   tax offenses.  Before serving his sentence, Vigil became a fugitive.  Upon complaint and issuance

16   of warrant in this district by the undersigned, Vigil was arrested on September 4, 2012, and

17   brought before the undersigned on September 5, 2012 for initial appearance on extradition

18   proceedings.  Petitioner was represented by attorney Daniel Karalash.  Because Mr. Karalash was

19   new to the case and needed to be apprised of the facts in order to decide whether to contest a

20   certification of extradition, an extradition hearing was set for October 3, 2012.  By two

21   stipulations and orders filed by Mr. Karalash, who professed to need further time to prepare, the

22   hearing was continued to October 31, 2012.   Prior to the time of the sought continuances, the

23   United States had filed its memorandum concerning the requirements for Vigil's extradition.

24          The court anticipated that if the extradition were to be opposed, Vigil would file

25   his reasons for non-extradition prior to the set hearing.  Based on the fact that most extraditions

26   in this district are not ultimately opposed, no specific filing times were set.  On the day of the

1

hearing, Vigil's attorney announced that he would indeed oppose extradition, and appeared ready to proceed to a "criminal case like trial" on October 31, 2012.  Because the grounds for opposition were completely unknown to the undersigned, and an extradition hearing is not like a criminal trial, briefing dates were set on the record, and the type of hearing, if any, would be set upon receipt of the briefing.

Title 18 U.S.C. § 3188 provides:

> Whenever any person who is committed for rendition to a foreign government to remain until delivered up in pursuance of a requisition, is not so delivered up and conveyed out of the United States within two calendar months after such commitment, over and above the time actually required to convey the prisoner from the jail to which he was committed, by the readiest way, out of the United States, any judge of the United States, or of any State, upon application made to him by or on behalf of the person so committed, and upon proof made to him that reasonable notice of the intention to make such application has been given to the Secretary of State, may order the person so committed to be discharged out of custody, unless sufficient cause is shown to such judge why such discharge ought not to be ordered.

Case law is unclear concerning the commencement of the two month period. Some cases hold that the two months commences upon the "commitment" of the extraditee, and not the final certification order of extradition.  In re United States of America, etc., 713 F.2d 105, 108 (n.2) (5th Cir. 1983) (starts running upon "commitment" and not "certification).  But see, Liberto v. Emery, 724 F.2d 23, 25 (n.2) (2nd Cir. 1983) (commences upon entry of a final certification of extradition order).  See also to the same effect as Liberto, In re Johnson, 2012 WL 3929811 (W.D.Pa. 2012); In re Extradition of Moreno-Vasquez, 2008 WL 4934006 (M.D. Ala. 2008) Matter of Extradition of Mainero, 990 F. Supp. 1208, 1215 (S.D. Cal. 1997).  In reviewing the entire statutory provision, the undersigned believes the latter cases to be correct.

However, even if In re United States of America etc. supplies the rule of decision, the two month period is tolled during the time the extraditee opposes the extradition up through the conclusion of proceedings.  Lindstrom v. Graber, 203 F.3d 470, 473 (7th Cir. 2000).

\\\\\

1    Finally, even if the tolling is not automatic, In re United States etc., supra, and

2  good cause is required, the undersigned finds such good cause.  All of the delays in this case have

3  been occasioned by Vigil, or for his benefit, in allowing him time to oppose the extradition

4  request.  The United States, on behalf of Sweden, has been diligent since the commencement of

5  these proceedings.  Accordingly, commencing upon September 5, 2012, the undersigned finds

6  good cause (if such is necessary) to continue the two month limitation period of § 3188 until

7  conclusion of the proceedings herein.  The undersigned will act expeditiously on the extradition

8  request after submission of the briefing and holding of a further hearing, if one is necessary.

9  DATED: October 31, 2012

10                         /s/ Gregory G. Hollows
                  UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26